

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2003

# USA v. Parlavecchio

Precedential or Non-Precedential: Non-Precedential

Docket 02-1887

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Parlavecchio" (2003). *2003 Decisions.* Paper 889.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/889

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-1887

_____

UNITED STATES OF AMERICA

Appellee

v.

MARIA PARLAVECCHIO

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 00-CR-312)
District Judge: The Honorable Malcolm Muir

_____

Argued on November 1, 2002

Before: SLOVITER, FUENTES, Circuit Judges, FULLAM,* District Judge

(Opinion filed: January 9, 2003)

_____

* The Honorable John P. Fullam, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Michael P. Smith (argued)
27 Elk Street
Albany, NY 12207

*Attorney for Appellant*

Wayne P. Samuelson (argued)
Office of the United States Attorney
240 West Third Street
Suite 316
Williamsport, PA 17701

*Attorney for Appellee*

OPINION OF THE COURT

FUENTES, <u>Circuit</u> <u>Judge</u>.

Maria Parlavecchio ("Mrs. Parlavecchio") appeals the dismissal of her motion for the return of property filed pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. For the reasons set forth below, we affirm the judgment of the District Court.

**I.**

**A.**

On December 13, 2000, a grand jury sitting in the Middle District of Pennsylvania returned an eleven-count indictment charging Mrs. Parlavecchio and two other individuals with, among other things, conspiracy to bribe a public official and conspiracy to provide prohibited

objects to an inmate.[1] See 18 U.S.C. §§ 371, 1791. On January 18, 2001, Mrs. Parlavecchio was arraigned on the superseding charges to which she entered a plea of not guilty. After discussions with the government, Mrs. Parlavecchio pleaded guilty on August 29, 2001 to one count of providing an inmate with prohibited objects, in this case, "food stuffs, toiletries and sperm kits."

In connection with Mrs. Parlavecchio's guilty plea and sentencing, the District Court found the following facts undisputed. Mr. Parlavecchio was an inmate at the Allenwood Federal Correctional Institution ("Allenwood") serving a sentence on a prior conviction. He and his co-conspirators bribed a corrections officer at Allenwood who agreed to obtain food, toiletries, and cryogenic sperm preservation kits from Mrs. Parlavecchio and to deliver them to Mr. Parlavecchio. According to the District Court, "Mr. Parlavecchio would then fill the sperm preservation kits with his seminal fluids and the kits would be returned to [the Allenwood corrections officer] who would transport the kits from the prison to Mrs. Parlavecchio." United States v. Parlavecchio, 192 F. Supp. 2d 349, 350 (M.D. Pa. 2002). Thereafter, Mrs. Parlavecchio took the sperm kits to the Park Avenue Fertility Clinic in New York City for preservation. In or about October 2000, Mrs. Parlavecchio directed that her husband's seminal fluids be forwarded to her obstetrician and gynecologist, Dr. Cecilia Schmidt-Sarosi, whose office was also in New York City. The Court found that one of the principal objects of the conspiracy was to enable Mrs. Parlavecchio to conceive a child

---

[1] The two other individuals named in the indictment were Antonio Parlavecchio ("Mr. Parlavecchio"), Mrs. Parlavecchio's husband, and John Alite ("Alite"), a co-conspirator.

3

through artificial insemination of her husband's sperm.

During the government's investigation, agents uncovered the existence of Mr. Parlavecchio's seminal fluid and its location–the New York City office of Dr. Schmidt-Sarosi. Government agents communicated with Dr. Schmidt-Sarosi and specifically requested that she not release the preserved sperm to anyone. Dr. Schmidt-Sarosi complied. Despite requests from Mrs. Parlavecchio, Dr. Schmidt-Sarosi refused to release Mr. Parlavecchio's seminal fluid.

Unable to obtain her husband's sperm, Mrs. Parlavecchio moved pursuant to Rule 41(e) for the return of the seminal fluid. The circumstances under which that motion was made have some relevance to the issues on appeal. Mrs. Parlavecchio's counsel stated his intention to file the motion at his client's sentencing. After the District Court issued its sentence, but before judgment was entered, counsel for Mrs. Parlavecchio informed the court of his intent to file a motion for return of property and sought a briefing schedule. At that point, it is clear that the District Court was still exercising its supervisory authority in the matter as it brokered a stay of the destruction of the seminal fluid pending the briefing on Mrs. Parlavecchio's Rule 41(e) motion. The Government agreed to refrain from destroying Mr. Parlavecchio's preserved sperm until a definitive ruling on Mrs. Parlavecchio's motion.

**B.**

Upon the conclusion of briefing, the District Court held, at the outset, that it had ancillary jurisdiction to entertain Mrs. Parlavecchio's Rule 41(e) motion as a civil equitable proceeding arising out of the underlying criminal action. Parlavecchio, 192 F. Supp. 2d at 352.

Furthermore, the District Court found that the criminal conduct to which Mrs. Parlavecchio pleaded guilty was conspiracy to bribe a public official, that is, "the illegal payment of money in exchange for receiving seminal fluids from Mrs. Parlavecchio's husband." Id. In essence, Mrs. Parlavecchio was seeking a return of the very fruits of her criminal activity. The District Court held, therefore, that a return of the seminal fluid would violate the basic principle that a claimant in a civil equitable proceeding must come into court with "clean hands." Id. The District Court declined to exercise its equitable powers to aid Mrs. Parlavecchio.

As the summary of the procedural history suggests, Mrs. Parlavecchio finds herself in the position of adopting diametrically opposed positions in the same case. In the District Court, she was the movant under Rule 41(e) and thus invoked the court's ancillary jurisdiction. Having lost, she now claims on appeal that (1) the District Court never had jurisdiction to address the merits of her motion; and (2) in any event, the Middle District of Pennsylvania was not the proper venue.[2]

**II.**

The District Court had ancillary jurisdiction to entertain Mrs. Parlavecchio's motion for the return of property pursuant to Rule 41(e). See United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999); Rufu v. United States, 20 F.3d 63, 65 (2d Cir. 1994). Because Mrs. Parlavecchio pleaded guilty and because her husband's seminal fluid is no longer "intimately

---

[2] Mrs. Parlavecchio does not challenge the District Court's ultimate disposition on the merits that she was not entitled to the return of the fruits of her criminal activity. We limit ourselves accordingly to the jurisdictional issues presented in her appeal.

involved in the criminal process," we have jurisdiction to review the District Court's final order denying her motion. <u>Government of the Virgin Islands v. Edwards</u>, 903 F.2d 267, 271 (3d Cir. 1990). "We review the District Court's decision to exercise its equitable jurisdiction for abuse of discretion." <u>Chambers</u>, 192 F.3d at 376.

### III.

Mrs. Parlavecchio advances two principal arguments on appeal. First, she contends that the District Court did not have a basis for exercising subject matter jurisdiction over her motion in the first place. She argues that Rule 41(e), as a rule of procedure, cannot by itself confer subject matter jurisdiction upon the court. Mrs. Parlavecchio believes that the only basis for subject matter jurisdiction rests with federal question jurisdiction pursuant to 28 U.S.C. § 1331. On that basis, she contends that Rule 41(e) may only be triggered if the property in question was actually and physically seized by the government in violation of the Fourth Amendment.

Second, Mrs. Parlavecchio contends that venue was improper in the Middle District of Pennsylvania. It is undisputed that the property at issue in her Rule 41(e) motion was located in Dr. Schmidt-Sarosi's office in New York City during the relevant time period. Mrs. Parlavecchio relies on a decision from the Fourth Circuit Court of Appeals, holding that a post-conviction motion for the return of property must be filed in the district in which the property was seized and may not be filed in the district in which the defendant was prosecuted, should those two locations be different. <u>See</u> <u>United States v. Garcia</u>, 65 F.3d 17, 20-21 (4th Cir. 1995). Therefore, Mrs. Parlavecchio argues that her motion should have been dismissed

6

on these grounds as well.

At the outset, we reiterate the well-settled principle that the government is permitted to seize evidence for use in a criminal investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless the property is contraband or subject to forfeiture. Chambers, 192 F.3d at 376 (citing United States v. 608 Taylor Ave., Apartment 302, 584 F.2d 1297, 1302 (3d Cir. 1978)). Application of this fundamental principle clearly counsels against returning the fruits of her admitted criminal activity to Mrs. Parlavecchio.

We find no merit in Mrs. Parlavecchio's contention that the District Court lacked subject matter jurisdiction. Our decisions have consistently held that District Courts have jurisdiction to entertain post-conviction motions for the return of property and that such motions shall be treated as civil actions in equity. United States v. Bein, 214 F.3d 408, 411 (3d Cir. 2000) ("A district court has jurisdiction to entertain a motion for return of property even after the termination of criminal proceedings against the defendant and such an action is treated as a civil proceeding for equitable relief."); United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000); Chambers, 192 F.3d at 376. Implicit in these decisions is our recognition that the District Courts' jurisdiction to entertain Rule 41(e) motions is ancillary to the underlying criminal proceedings and that subject matter jurisdiction rests upon the District Courts' supervisory authority over these ancillary proceedings. See, e.g., Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995) ("[T]he district court where the claimant was tried has subject matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable

7

action.").

Therefore, Mrs. Parlavecchio's contention that 28 U.S.C. § 1331 must be the basis of subject matter jurisdiction in the context of Rule 41(e) is unsupported. Accordingly, her unfounded belief that only an actual, physical seizure of property in violation of the Fourth Amendment will trigger a Rule 41(e) motion must also be rejected. In any event, we have noted previously that the 1989 amendments to Rule 41(e) eliminated the limitation "to property held following an unlawful search or seizure. Now, any person aggrieved by 'the deprivation of property' may file a Rule 41(e) motion to require the government to return the property." Edwards, 903 F.3d at 273. Thus, we hold that the District Court had subject matter jurisdiction to entertain Mrs. Parlavecchio's Rule 41(e) motion.

Having found that the District Court properly exercised jurisdiction over Mrs. Parlavecchio's motion, we also find that, under the circumstances present here, the Middle District of Pennsylvania was the proper venue. We recognize a split in authority among the Circuit Courts as to the proper venue for a post-conviction motion for return of property. This Court has not addressed directly the venue issue. Mrs. Parlavecchio cites the Fourth Circuit Court of Appeals' decision in Garcia to support her contention that the Middle District of Pennsylvania was not the proper venue for her motion, as her husband's seminal fluid was located in New York City. 65 F.3d at 20-21. The government notes, however, that the Second and Eighth Circuit Courts of Appeal have held that in the exercise of its ancillary jurisdiction, the district in which the Rule 41(e) claimant is tried is a proper venue for the motion. United States v. Giovanelli, 998 F.2d 116, 118 (2d Cir. 1993); Thompson, 47 F.3d at 975.

8

Given the circumstances present here, we agree that venue was proper in the Middle District of Pennsylvania – the district in which Mrs. Parlavecchio pleaded guilty. We underscore that Mrs. Parlavecchio's request for motion practice was made immediately after the District Court issued her sentence, but before judgment was formally entered. Also before judgment was entered, the District Court arranged a stay of the destruction of the seminal fluid pending its decision on the motion. The government represented on the record that it would comply with the stay. In short, the District Court had not relinquished its supervisory authority over the matter and had the government breached its obligation pursuant to the stay, the Court would have been able to invoke its disciplinary powers. Given these circumstances, logic favors permitting the District Court to retain jurisdiction and venue over these on-going proceedings to decide the Rule 41(e) motion in the interest of judicial economy. Thompson, 65 F.3d at 21 (Murnaghan, J., dissenting).

Thus, we hold that (1) the District Court had ancillary jurisdiction to entertain Mrs. Parlavecchio's Rule 41(e) motion; and (2) venue was proper in the Middle District of Pennsylvania. Although Mrs. Parlavecchio has not challenged the merits of the District Court's decision on appeal, we note our concurrence with the District Court in that regard. The District Judge properly refused to exercise its equitable powers to assist a claimant from recovering the fruits of her criminal activity.

As a final matter, we note, in passing, that on April 29, 2002, the Supreme Court ordered the most recent amendments to Rule 41(e). Upon taking effect, the most recent amendments will put to rest any debate relating to the proper venue for a post-conviction Rule

9

41(e) motion. The new rule expressly requires post-conviction motions for the return of property to be made in the district where the property at issue was seized. Rule 41(e) is replaced in the amendments by Rule 41(g) which proposes that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." App. at A-112. Although we agree with Mrs. Parlavecchio that the amended Rule 41(g) will eliminate much of the confusion surrounding venue for post-conviction motions for return of property, we cannot concur that the amendments should control the District Court's reading of Rule 41(e) at the time its decision was made. Under the circumstances present here, it was not an abuse of discretion for the District Court to exercise subject matter jurisdiction over Mrs. Parlavecchio's Rule 41(e) motion filed in the Middle District of Pennsylvania.

## IV.

For the reasons set forth above, we AFFIRM the judgment of the District Court.

By the Court,

/s/ Julio M. Fuentes

Circuit Judge