Okechukwu AMADI, Petitioner,

v.

John ASHCROFT, U.S. Attorney General; et al, Respondents.

No. 01CV7354NGRML.

United States District Court, E.D. New York.

July 3, 2003.

Okechukwu Amadi, Oakdale, LA, for Petitioner.

Kristen Chapman, Asst. U.S. Atty., for Defendant.

### ORDER

GERSHON, District Judge.

Petitioner *pro se*, Okechukwu Amadi, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his final order of removal to Nigeria on the grounds: (1) that he was denied due process and equal protection of the laws in his immigration proceedings because he was not granted a waiver of inadmissibility pursuant to former Section 212(c) of the Immigration and Nationality Act (the "INA"), former 8 U.S.C. § 1182(c), and/or current Section 212(h) of the INA, 8 U.S.C. § 1182(h); (2) that he is eligible for deferral of removal under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208; and (3) that petitioner's status as a "cooperating individual" implicates constitutionally required protective duties on the part of the government. By order, dated November 14, 2001, this court stayed the final order of deportation against petitioner until his claims are adjudicated. Respondents oppose the petition on the grounds: (1) that petitioner was never eligible for discretionary relief under Sections 212(c) and (h); (2) that the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), found that the IIRIRA's repeal of Section 212(c) relief did not have an impermissible retroactive effect upon aliens who were convicted after a jury trial before IIRIRA's enactment; (3) that petitioner lacks standing to bring an equal protection claim; (4) that this court does not have jurisdiction to consider plaintiff's CAT claims; and (5) that plaintiff's CAT claims lack merit.

Petitioner is a forty year old native of Nigeria who entered the United States at an unknown time and place without inspection by immigration officials. In 1990, petitioner applied for a temporary residence permit and legalization pursuant to the Immigration Reform and Control Act of 1987 ("IRCA"). Petitioner was never granted lawful permanent resident status, because of the discovery of petitioner's criminal activity and a fraud investigation regarding his legalization application. On October 25, 1995, petitioner was convicted in the United States District Court for the District of New Jersey of conspiracy to import heroin in violation of 21 U.S.C. §§ 963, 952(a) and 960(a)(1). As a result petitioner was sentenced to an 84 month term of incarceration. On August 21, 2000, petitioner was served with a Notice to Appear, charging him as inadmissable and removable under Section 212(a)(2)(A)(i)(II) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien who had been convicted of a crime or engaged in a conspiracy to violate any law, relating to a controlled substance. The Notice to Appear also charged petitioner as removable under Section 212(a)(2)(C) of the INA, 8 U.S.C. § 1182(a)(2)(C), as an alien who has been an illicit trafficker in a controlled substance, and under 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien presently in the United States without being lawfully admitted or paroled.

Beginning on September 15, 2001, a series of immigration hearings were held at the Federal Detention Center in Oakdale, Louisiana, to determine if petitioner was removable. On January 5, 2001, the Immigration Judge ("IJ") found petitioner inadmissable as charged, denied his request for

withholding of removal under CAT and ordered petitioner deported. Petitioner appealed this decision to the BIA and, on September 13, 2001, the BIA affirmed the IJ's order and dismissed the appeal. The BIA held that the IJ was correct in finding that petitioner was "not credible" as a result of multiple inconsistencies among petitioner's testimony, his written application and the documentary evidence as well as inconsistencies within petitioner's testimony. The BIA also concluded that, even if petitioner were credible, he had failed to demonstrate that it is more likely than not that he would be tortured if returned to Nigeria. In a dissenting opinion, Board Member Lory Diana Rosenburg, found that, despite the inconsistencies in petitioner's testimony the indisputable evidence remains that, because petitioner was convicted of drug trafficking, it is more likely than not that, if deported to Nigeria, he will be imprisoned and that Nigeria's prison conditions amount to torture as defined by CAT. On October 30, 2001, petitioner commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

■ Petitioner claims that the repeal of discretionary Section 212(c) relief by Section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104–208, U.S.C. § 1252, has an impermissible retroactive effect as applied to petitioner, because his conviction predates the IIRIRA's enactment. Petitioner, however, was *never* eligible for Section 212(c) relief. Section 212(c) relief was always limited to those individuals who had been lawfully admitted to the United States with an unrelinquished domicile of seven consecutive years. Here, petitioner was never granted lawful permanent resident status; he therefore does not satisfy the prerequisites to Section 212(c) relief. As petitioner would not have qualified for discretionary relief under Section 212(c), he cannot claim

that IIRIRA's repeal of Section 212(c) relief had an impermissible retroactive effect upon him. Petitioner also is not eligible for discretionary relief under Section 212(h). Section 212(h) states, in pertinent part, that: "the Attorney General may, in his discretion, waive the application of subparagraphs (A)(i)(I), (B), (D) and (E) of subsection (a)(2) of this section and subparagraph (A)(i)(II) o f such subsection insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. 1182(h). Thus, under Section 212(h) the Attorney General may in his discretion, waive the controlled substance inadmissibility provision in those cases that relate to a single offense of simple possession of 30 grams or less of marijuana. Here, petitioner was convicted of conspiracy to import heroin and, accordingly, he was (and remains) ineligible for Section 212(h) relief.

Petitioner's claim that the failure to grant him a hearing on his request for former Section 212(c) and current Section 212(h) relief violates his procedural due process rights is also without merit. As noted above, petitioner has not demonstrated that relief was available to him under either Section 212(c) or Section 212(h). Therefore, the failure to hold a hearing to determine whether discretion should have been exercised under those Sections could not have violated his rights.

Petitioner also incorrectly claims that Section 212(h) of the INA violates equal protection. Specifically, petitioner argues that Section 212(h) unfairly discriminates because " a lawful permanent resident [LPR] is being denied an opportunity to seek discretionary waiver under Section 212(h) because he is an LPR. A non-LPR convicted of the same offense would be eligible to apply for the relief." Petitioner, however, is not a lawful permanent resident. Moreover, the suggestion that a non-LPR in petitioner's situation would be

eligible for 212(h) relief is incorrect. Petitioner was convicted of a conspiracy to import heroin, and Section 212(h) provides a waiver in drug cases only for single drug possession offenses that involve 30 grams or less of marijuana. 8 U.S.C. § 1182(h). As petitioner would not qualify for discretionary waiver under Section 212(h)in any circumstance, he does not have standing to raise an equal protection claim based upon a distinction between those groups. Accordingly, petitioner's equal protection claim must be dismissed. *Cf. Jankowski–Burczyk v. INS,* 291 F.3d 172 (2d Cir.2002)(holding that an alien "was not denied equal protection by virtue of her status as an LPR, which rendered her ineligible for a discretionary waiver based on family hardship" under Section 212(h)).

■ Petitioner claims that the BIA erroneously denied his request for deferral of removal under Article 3 of CAT. Respondents argue that the court lacks jurisdiction to consider the petition based upon Section 2242(d) of the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), implementing the United States' accession to CAT, which provides: "Notwithstanding any other provision of law, and except as provided in the regulations described in subsection (b), no court shall have jurisdiction to review the regulations adopted to implement this section, and nothing in this section shall be construed as providing any court jurisdiction to consider or review claims raised under the Convention or this section, or any other determination made with respect to the application of the policy set forth in subsection (a), except as part of the review of a final order of removal pursuant to section 242 of the Immigration and Nationality Act [INA] (8 U.S.C. § 1252)." 8 U.S.C. § 1231.

■ A district court has jurisdiction under 28 U.S.C. § 2241(c)(3) to consider a claim that a person is "in custody in viola-tion of the Constitution or laws or treaties of the United States." In *St. Cyr,* 533 U.S. at 314, 121 S.Ct. 2271, the Supreme Court held that habeas corpus jurisdiction under Section 2241 to review a final order of removal was not repealed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) or IIRIRA. The Court was unwilling to infer that the jurisdiction-stripping provisions of those laws, codified at 8 U.S.C. § 1252, demonstrated with sufficient clarity a Congressional intent to bar habeas corpus jurisdiction. *See Liu v. INS,* 293 F.3d 36, 37 (2d Cir.2002) ("federal courts retain § 2241 jurisdiction over petitions from criminal and non-criminal aliens alike"). In fact, district courts within the Second Circuit have exercised jurisdiction under Section 2241 to review denials of claims under CAT; however, that jurisdiction is limited to consideration of constitutional or legal challenges to removal orders, not to review of factual or discretionary determinations respecting a CAT claim. *Wang v. Ashcroft,* 320 F.3d 130, 140 (2d Cir.2003); *Millian–Zamora v. Ashcroft,* 228 F.Supp.2d 272, 275–76 (E.D.N.Y.2002). Accordingly, this court may not review the facts or the merits of INS's denial of petitioner's claim under CAT.

The BIA's denial of Amadi's request for CAT relief involved a "specific factual determination" that he failed to demonstrate that it is more likely than not that he will be tortured if returned to Nigeria. These types of challenges are not cognizable on habeas corpus review. *Akhtar v. Reno,* 123 F.Supp.2d 191 at 197 (S.D.N.Y.2000). Petitioner seeks to assert exactly that type of factual challenge when he states that he presented "sufficient evidence to establish that if forcibly returned to Nigeria he faces a clear probability" of torture by the government of Nigeria. This request to reconsider facts as found by the executive is outside habeas corpus review. *See St. Cyr,* 533 U.S. at 302, 121 S.Ct. 2271 ("tradi-

tional habeas corpus review includes questions of law and statutory eligibility for relief but does not include review of factual determinations or the exercise of discretion.); *See also Henderson v. INS*, 157 F.3d 106, 119–20 n. 10 (2d Cir.1998)(noting that scope of habeas corpus review is narrow and, in accepting review, finding that question of "pure law" was presented rather than agency's factual findings or attorney general's exercise of discretion); *see generally Wang*, 320 F.3d at 143 ("Constitution requires habeas review to extend to claims of erroneous application or interpretation of statutes"). As petitioner is requesting that the court reconsider only the factual determinations of the BIA and is not challenging the BIA's application or interpretation of statutes as incorrect, his CAT claim must be dismissed.

Petitioner also asserts that he is a cooperating witness and as such is entitled to a special visa pursuant to 8 U.S.C. § 1226(c)(2). Specifically, petitioner claims that, as a result of his cooperation, several individuals who have been deported will seek to harm him if he is returned to Nigeria. 8 U.S.C. § 1226(c)(2) provides, *inter alia,* that the Attorney General may release an alien if the Attorney General decides that release of the alien is necessary to protect a witness. Petitioner fails to establish any basis upon which this court could order the Attorney General to issue a special visa.

For the above stated reasons, respondent's motion is granted, and the petition for a writ of habeas corpus is denied. As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied and the stay of the final order of deportation is vacated.