Okechukwu Mummee AMADI,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 5:02CV1383(HGM/GJD).

United States District Court,
N.D. New York.

Sept. 22, 2003.

**2**

Okechukwu Mummee Amadi, pro se, FCI Oakdale, Oakdale, LA.

Honorable Glenn T. Suddaby, Syracuse, NY (William F. Larkin, Assistant United States Attorney, Of Counsel), for defendant.

## MEMORANDUM—DECISION AND ORDER

MUNSON, Senior District Judge.

Currently before the court is plaintiff's motion pursuant to Rule 41(g)[1] of the Federal Rules of Criminal Procedure seeking the return of property allegedly seized by agents of the United States Drug Enforcement Agency ("DEA") on November 3, 1994. *See* Dkt. No. 1, Compl. Specifically, plaintiff demands the return of one African white rock and one African carved wood. The government opposes plaintiff's motion on three grounds, and moves to dismiss plaintiff's complaint arguing: (1) that it did not seize either the African white rock or African carved wood upon plaintiff's arrest on November 3, 1994; (2) plaintiff's complaint fails to state a claim upon which relief can be granted; and, (3) the court lacks subject matter jurisdiction because plaintiff failed to submit his claim to the appropriate government agency within two years of his November 3, 1994, arrest. For the reasons that follow below, the government's motion is DENIED.

---

1. Plaintiff moved for the return of his property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. The 2002 amendments to Rule 41, however, reworded and reordered the substance of Rule 41(e) as Rule 41(g). The amendments' effect was merely stylistic rather than substantive. *See San-chez–Butriago v. United States,* 2003 WL 21649431 at * 1 (S.D.N.Y. July 13, 2003).

## BACKGROUND

On November 1, 1994, United States Magistrate Judge Stanley R. Chesler of the District of New Jersey signed an arrest warrant for plaintiff, Okechukwu Mummee Amadi, and an accomplice. *United States v. Amadi*, 94–M–613 (N.D.N.Y. November 3, 1994) (DiBianco, J.), Dkt. No. 2, Attachment A, Copy of Warrant for Arrest. On November 3, 1994, DEA agents arrested plaintiff in Binghamton, New York, and United States Magistrate Judge Gustave J. DiBianco ordered plaintiff returned to the District of New Jersey. *See id.* Dkt. No. 1, Court Minutes. The United States Attorney's Office, District of New Jersey, subsequently charged plaintiff, with knowingly and willfully conspiring and agreeing with others to import approximately six kilograms of heroin into the United States from Thailand between August 1993 and September 8, 1993, in violation of 21 U.S.C. §§ 952(a) and 963.[2] *Id.* Dkt. No. 2, Attachment A, Copy of Warrant for Arrest. On February 22, 1995, plaintiff was convicted in the United States District Court for the District of New Jersey of conspiracy to import heroin and was sentenced on October 25, 1995, to an eighty-four month term of incarceration for which final judgment was entered on November 8, 1995. *See Amadi v. Ashcroft*, 270 F.Supp.2d 336, 337 (E.D.N.Y.2003).

Plaintiff alleges that on November 3, 1994, at the time of his arrest, DEA agents seized various items of personal property, including the African white rock and African carved wood. *See* Dkt. No. 1, Compl.

The government denies that it seized an African white rock and African carved wood. *See* Dkt. No. 8, Government's Answer at ¶ 1. Plaintiff states that he acquired the African white rock and African carved wood by legal means and has furnished a copy of the original cash sales receipt dated February 14, 1981, to this effect. *See* Dkt. No. 4, Order at 1–2; *see generally* Dkt. No. 1, Compl. At the time of purchase, the African white rock and African carved wood were each valued at 12,500 Naira.[3] Plaintiff submits that in 1981, the exchange rate between Naira and the United States Dollar was: N 1.00 = $1.60; therefore, plaintiff alleges that the initial cost of the two items was $40,000. *See generally* Dkt. No.1, Compl.

Plaintiff indicates that there are no further criminal proceedings pending against him and that he is currently incarcerated at the Federal Detention Center in Oakdale, Louisiana. *See* Dkt. No. 4, Order at 1–2; Dkt. No. 1, Compl. at ¶ 3.

## DISCUSSION

### I. Jurisdiction

 Rule 41(g) of the Federal Rules of Criminal Procedure provides in pertinent part that "a person aggrieved by . . . the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion." District courts have ancillary jurisdiction to decide Rule 41(g)

---

**2.** 21 U.S.C. § 952(a) prohibits the importation "into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United State from any place outside thereof, any controlled substance in schedule I or II or subchapter I of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter . . . ."

21 U.S.C. § 963 states: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 963

**3.** "Naira" is Nigerian currency.

motions for return of property where criminal proceedings have concluded by treating them as civil equitable proceedings. *See Rufu v. United States,* 20 F.3d 63, 65 (2d Cir.1994) (If a criminal defendant's post-trial motion for return of seized property is "made after the termination of criminal proceedings against the defendant ... such a motion should be treated as a civil complaint for equitable relief."). Typically, finality attaches to a federal judgment "when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment." *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003) (citing *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)). The court's review of the record and inquiry to the District of New Jersey reveal that the District Court for the District of New Jersey disassociated itself from plaintiff's case on October 25, 1995, the date upon which the district court sentenced plaintiff.[4] Plaintiff filed his complaint for the return of seized property on October 30, 2002, long after criminal proceedings against plaintiff in the District of New Jersey had concluded. Thus, the court has jurisdiction with respect to plaintiff's claim and treats his Rule 41(g) motion as a civil complaint for equitable relief.

## II. Rule 41(g) Claims Subject to Statute of Limitations

▮ Rule 41(g) claims are subject to a six year statute of limitations as set forth in 28 U.S.C. § 2401(a). *See Boero v. Drug Enforcement Administration,* 111 F.3d 301, 305, n. 5 (2d Cir.1997). Title 28 U.S.C. § 2401(a) states in pertinent part, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Generally, a cause of action accrues "when a claimant knows or has reason to know of the injury that is the basis of his action." *Leon v. Murphy,* 988 F.2d 303, 309 (2d Cir.1993) (internal quotations omitted); *Keating v. Carey,* 706 F.2d 377, 382 (2d Cir.1983). More importantly, however, in an action for the return of seized property, the Second Circuit has held that a plaintiff's claim accrues "when he discover[s] or ha[s] reason to discover that his property ha[s] been forfeited without sufficient notice." *Polanco v. United States Drug Enforcement Admin.,* 158 F.3d 647, 654 (2d Cir. 1998). Thus, the statute of limitations begins to run " 'at the earliest of the following dates: at the close of the forfeiture proceedings, however soon after the seizure; or if no forfeiture proceedings were conducted, at the end of the five-year limitations period during which the government is permitted to bring a forfeiture action.' " *Polanco,* 158 F.3d at 654 (quoting *Boero,* 111 F.3d at 305). Therefore, the government had five years from November 3, 1994, the date upon which it arrested plaintiff and seized his property, to commence a forfeiture action against plaintiff. On the record, there is nothing to indicate that the government instituted forfeiture proceedings against plaintiff. As a result, plaintiff had six years from November 3, 1999, the date upon which the Government's five year window closed and 28 U.S.C. § 2401(a) was correspondingly triggered, to bring his claim for the return of seized property. Plaintiff filed the instant claim on October 30, 2002, long before 28 U.S.C. § 2401(a)'s six-year statute of limitations was set to have expired on November 3, 2005. *Cf. United States v. Morales,* 2003 WL 21692752 at *3

---

4. The court contacted the Clerk of the Court for the District of New Jersey regarding the status of plaintiff's criminal action in the District of New Jersey. The Clerk sent the court a copy by facsimile of the docket sheet for plaintiff's criminal action.

(S.D.N.Y. July 21, 2003); *Matura v. United States*, 1999 WL 144498 at * 2, n. 1 (S.D.N.Y. March 17, 1999). Plaintiff's claim is timely.

## III. Merits of Plaintiff's Rule 41(g) Motion

 Where, as here, the parties dispute whether the property in question was ever seized, the government bears the initial burden "of proving that it dealt with plaintiff's property in accordance with regulations prescribed in 41 C.F.R. § 128–50.101 or other acceptable standards. Once this showing is made, the burden should then shift to the claimant to demonstrate the existence of the claimed property." *Otonye v. United States*, 903 F.Supp. 357, 363 (E.D.N.Y.1995). The government must prove that the DEA, as a bureau of the Department of Justice, fulfilled its responsibilities pursuant to 41 C.F.R. § 128–50.101 which requires the government to:

> Establish[ ] and maintain[ ] inventory records of its seized personal property to ensure that: (a) The date the property was seized is recorded; (b) All of the property associated with a case is recorded together under the case name and number; (c) The location of storage of the property is recorded; (d) A well documented chain of custody is kept; and, (e) All information in the inventory records is accurate and current.

41 C.F.R. § 128–50.101 (2002). These are not hollow requirements. "[I]n prior cases, the Second Circuit has reversed district court denials of motions to compel the return of seized property when the government did not comply with its own requirements." *United States v. Cardona*, 897 F.Supp. 802, 804 (S.D.N.Y.1995). In *Mora v. United States*, the Second Circuit reversed the district court's denial of the petitioner's motion for return of property because "the government failed to offer any evidence concerning the disposition of Mora's property. No receipts, log entries or other documentation-not even an affidavit-were presented." 955 F.2d 156, 158 (2d Cir.1992). Similarly, in *Rufu*, the Second Circuit reversed the district court's order granting the government's motion to dismiss because, *inter alia*, the government failed to submit to the district court the records required by 41 C.F.R. § 128–50.101 in support of its motion to dismiss. 20 F.3d at 65. By contrast, in *Cardona*, the court denied plaintiff's motion to compel the return of his property because the government met its burden by submitting affidavits and accompanying documentation identifying the property seized; the date of its seizure; the case name and number to which the property relates; the storage location of the property; and, the chain of custody of the property. 897 F.Supp. at 804.

 Apart from its answer in which it denies that it seized an African white rock and carved wood upon plaintiff's arrest on November 3, 1994, the government has failed to submit any documentation to establish that it complied with the requirements of 41 C.F.R. § 128–50.101 and has not met its burden. Plaintiff, however, has not proven his current ownership of the allegedly seized property. The cash sales receipt submitted by plaintiff at best demonstrates that plaintiff purchased an African white rock and African carved wood on February 14, 1981; it does not, however, demonstrate that plaintiff was in possession of these items at the time of his arrest or that the DEA agents seized these items. In light of the paltry amount of evidence supplied by the parties, the court will afford both plaintiff and the government twenty days from the date of entry of this Memorandum—Decision and Order to supplement the record and cure these deficiencies.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED,** that the government's motion to dismiss is **DENIED;** it is further

**ORDERED,** that the parties submit any and all materials in support of their respective motions within twenty days of the date of entry of this Memorandum—Decision and Order. It is further

**ORDERED,** that the Clerk of the Court serve a copy of this Memorandum—Decision and Order upon the parties by regular mail.

**IT IS SO ORDERED.**