**Okechukwu Mummee AMADI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 5:02–CV–1383(HGM/GJD).**

United States District Court, N.D. New York.

Feb. 20, 2004.

Okechukwu Mummee Amadi, Oakdale, LA, pro se.

Honorable Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, William F. Larkin, Esq., Assistant United States Attorney, of Counsel.

## MEMORANDUM—DECISION AND ORDER

MUNSON, Senior District Judge.

In a previous Memorandum—Decision and Order, the court denied the Government's motion to dismiss plaintiff's *pro se* complaint for the return of seized property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure.[1] The court also ordered the parties to submit any and all materials in support of their respective motions within twenty days. The court subsequently received additional submissions from the parties, and the Government again moved to dismiss plaintiff's complaint. In addition, on January 20, 2004, plaintiff, Okechukwu Mummee Amadi moved for a temporary stay of deportation/removal during the pendency of his Rule 41(g) motion. For the reasons that follow below, the court VACATES its previous Memorandum—Decision and Order and TRANSFERS the case in its entirety to the District of New Jersey.

## BACKGROUND

The court presumes some familiarity with the background of this case, *see Amadi v. United States*, 282 F.Supp.2d 1 (N.D.N.Y. 2003), but reiterates briefly as follows. Plaintiff was arrested in Binghamton, New York on November 3, 1994, and was subsequently charged with knowingly and willfully conspiring and agreeing with others to import approximately six kilograms of heroin into the United States from Thailand between August 1993 and September 8, 1993, in violation of 21 U.S.C. §§ 952(a) and 963. Plaintiff was convicted in the United States District Court for the District of New Jersey and was sentenced on October 25, 1995, to an eighty-four month term of incarceration for which final judgment was entered on November 8, 1995.

Plaintiff alleges that at the time of his arrest, agents from the United States Drug Enforcement Administration seized various items of personal property, which allegedly included an African white rock and African carved wood. Plaintiff submits that at the time of their purchase, February 14, 1981, the African white rock and African carved wood were each valued at 12,500 Naira, the unit of Nigerian currency. Plaintiff submits that in 1981, the exchange rate between Naira and the United States Dollar was N 1.00 = $1.60; therefore, plaintiff contends that the initial cost of the two items was $40,000. Plaintiff filed his motion pursuant to Rule 41(g) on October 30, 2002, seeking

---

1. Plaintiff moved for the return of his property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. On April 29, 2002, however, the United States Supreme Court ordered the most recent amendments to Rule 41(e). On December 1, 2002, those amendments took effect whereby the substance of Rule 41(e) was reworded and renumbered as Rule 41(g). *See Gonzalez v. United States*, 2003 WL 1213172, at *1 (S.D.N.Y. March 17, 2003). The court notes the permissive language of Rule 41(e)-a "person aggrieved by an unlawful search and seizure of property *may* move the district court for the district in which the property was seized," Fed. R.Civ.P. 41(e) (emphasis added)-as compared to

the mandatory language of Rule 41(g)-"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return ... The motion *must* be filed in the district where the property was seized" (emphasis added). *Cf. United States v. Garcia*, 65 F.3d 17, 21 (4th Cir.1995) (Murnaghan, J., dissenting) (Explaining that Rule 41(e) asserted the positive rule that a person aggrieved by a deprivation of property *"may* move the district court in which the property was seized for the return of the property ... It in no way therefore mandates the negative rule that such person 'may not sue elsewhere.' ").

the return of the African white rock and African carved wood.

## DISCUSSION

### I. Jurisdiction and Venue

Rule 41(g) of the Federal Rules of Criminal Procedure provides in pertinent part that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion." Fed. R.Crim.P. 41(g). In construing Rule 41(g)'s predecessor, Rule 41(e), the Second Circuit has held that the district *where a defendant is tried* has ancillary jurisdiction to decide a defendant's post-trial motion for the return of seized property, and that where no criminal proceedings against the movant are pending, a motion for the return of property is treated as a civil equitable proceeding even if styled as being made pursuant to Rule 41(e). *Soviero v. United States,* 967 F.2d 791, 792–93 (2d Cir.1992) (citing *United States v. Martinson,* 809 F.2d 1364, 1367 (9th Cir.1987)); *Mora v. United States,* 955 F.2d 156, 158 (2d Cir.1992) (same) (citing *Martinson,* 809 F.2d at 1367); *Toure v. United States,* 24 F.3d 444, 445 (2d Cir.1994) (explaining that because plaintiff's complaint sought the return of seized property after the conclusion of the underlying criminal case, plaintiff's complaint was properly treated as one commencing a civil action pursuant to 28 U.S.C. § 1346, rather than a motion pursuant to Rule 41(e)); *United States v. Giovanelli,* 998 F.2d 116, 118 (2d Cir.1993) (same); *Rufu v. United States,* 20 F.3d 63, 65 (2d Cir.1994) (explaining that if a criminal defendant's post-trial motion for return of seized property is "made after the termination of criminal proceedings against the defendant ... such a motion should be treated as a civil complaint for equitable relief."); *Onwubiko v. United States,* 969 F.2d 1392, 1397 (2d Cir.1992) (same); *but see Clymore v. United States,*

164 F.3d 569, 574–75 (10th Cir.1999) ("[W]here the underlying criminal proceedings have concluded and the trial court no longer exercises control over the subject property, the proper venue for a Rule 41(e) motion is the district where the property was seized."); *Garcia,* 65 F.3d at 20–21 (rejecting the Second Circuit's holdings in *Giovanelli,* and *Toure,* finding no support for continuing a trial court's "ancillary" jurisdiction where the criminal proceeding has long since ended and the trial court exercises no control over the property, and holding that the only proper venue for a motion seeking the return of property after the close of a criminal proceeding is the district where the property was seized).

Not only has the Second Circuit consistently held that it is the District Court that presided over the underlying criminal proceeding that has ancillary jurisdiction over motions made pursuant to Rule 41(e) even after the close of the criminal proceedings, but it has also held that the District Court retains such ancillary jurisdiction *regardless* of whether the property had been seized in a different district. *See Giovanelli,* 998 F.2d at 118 (holding that the district court had jurisdiction to hear claimant's Rule 41(e) motion for the return of property despite its being brought in a different district than that in which the property was seized); *see also Thompson v. Covington,* 47 F.3d 974, 975 (8th Cir.1995) (adopting the holding of *Giovanelli*); *but see Garcia,* 65 F.3d at 20–21.

The Second Circuit has not yet commented upon Rule 41(g)'s requirement that motions for the return of property must be made in the district where the property was seized, only noting that the amendment took effect on December 1, 2002. *See Adeleke v. United States,* 355 F.3d 144, 146–47, n. 1 (2d Cir.2004). The Second Circuit, however, again noted that because no criminal proceedings were then pending against the claimant, the district court had properly construed his motion as a civil action in equity rather than as a Rule 41(g) motion. *Id.*[2] Rather than to

---

2. The only court to have commented upon the mandatory language of Rule 41(g)'s venue directive, albeit in an unpublished opinion, however, has suggested in passing that the "most re-

cent amendments [(Rule 41(g))] will put to rest any debate relating to the proper venue for a post-conviction Rule 41(e) motion ... the new rule expressly requires post-conviction motions

boldly go where no court within the Second Circuit has gone before, as the court's previous opinion contemplated, after further review, better judgment holds that the court does not have jurisdiction to entertain plaintiff's complaint. Plaintiff was tried and convicted in the District of New Jersey, and plaintiff brought his complaint long after criminal proceedings against him had concluded.[3] Second Circuit precedent holds that it is the district court that tried the claimant, regardless of the district in which the property was seized, that has ancillary jurisdiction to adjudicate his Rule 41(g) claims, albeit as a civil equitable proceeding. The Northern District of New York is not that court. Moreover, the other district courts within the Second Circuit to have addressed Rule 41(g) motions have unanimously held steadfast to the Circuit's prior precedent that the court in which a defendant has been tried has ancillary jurisdiction to decide the defendant's post trial motion for the return of any seized property. *See, e.g., United States v. Morales,* 2003 WL 21692752, at *2 (S.D.N.Y. July 21, 2003); *Mendez v. United States,* 2003 WL 21673616, at *2 (S.D.N.Y. July 16, 2003) ("Once a criminal case is concluded, a defendant can no longer rely on Rule 41(g) to obtain the return of property."); *Sanchez–Butriago v. United States,* 2003 WL 21649431, at *2 (S.D.N.Y. July 14, 2003) (explaining that because plaintiff did not make his Rule 41(g) motion until after the criminal

proceedings against him were concluded, the court treated his motion as a civil complaint for equitable relief); *Gonzalez,* 2003 WL 1213172, at *1 ("Trial courts have ancillary jurisdiction to decide Rule 41(e) motions for return of property where criminal proceedings have concluded by treating them as civil equitable proceedings."). Therefore, the court, *sua sponte,* VACATES its previous Memorandum—Decision and Order and, understanding plaintiff's complaint to be a civil equitable proceeding, TRANSFERS[4] plaintiff's complaint to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).[5]

### CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that the Clerk of the Court TRANSFER the case in its entirety to the District of New Jersey. It is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum—Decision and Order upon the parties by regular mail.

**IT IS SO ORDERED.**

---

for the return of property to be made in the district where the property at issue was seized." *United States v. Parlavecchio,* 57 Fed.Appx. 917, 921 (3rd Cir. January 9, 2003).

**3.** Typically, finality attaches to a federal judgment "when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment." *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003) (citing *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)). The court's review of the record and inquiry to the District of New Jersey reveal that the District Court for the District of New Jersey disassociated itself from the plaintiff's case on October 25, 1995, the date upon which the district court sentenced plaintiff. Plaintiff filed his complaint for the return of seized property on October 30, 2002, long after criminal proceedings against plaintiff in the District of New Jersey had concluded.

**4.** The court is wary of its transfer to the District of New Jersey, for it can foresee the District of New Jersey itself transferring the complaint back to the Northern District of New York. Given the plain language of Rule 41(g) that venue lies with the district in which the property was seized and the Third Circuit's unpublished dictum that Rule 41(g) has ended the debate over venue, this court wonders aloud, without inviting the District of New Jersey to confirm the court's musings, whether the District of New Jersey, as a district court within the Third Circuit's jurisdiction, will transfer plaintiff's complaint back to the Northern District of New York as the proper venue.

**5.** 28 U.S.C. § 1406(a) states that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such a case to any other district or division where it could have been brought."