**Dekalu Add RUFU, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 817, Docket 93–2459.

United States Court of Appeals, Second Circuit.

Submitted Jan. 14, 1994.

Decided March 28, 1994.

Dekalu Add Rufu, pro se.

Zachary W. Carter, U.S. Atty. for the Eastern District of New York, Brooklyn, NY (Emily Berger and Lauren J. Resnick, Asst. U.S. Attys., Brooklyn, NY, of counsel), for respondent-appellee.

Before: MINER and MAHONEY, Circuit Judges and RESTANI,* Judge.

PER CURIAM:

Petitioner-appellant Dekalu Add Rufu appeals from a June 22, 1993 order of the United States District Court for the Eastern District of New York (Glasser, J.) denying his motion for the return of personal property seized from him at the time of his arrest, the district court having found that the Government already had returned the property. Rufu also has moved in this Court for the return of his property. For the reasons that follow, we reverse the order of the district court and remand for further proceedings. We deny the motion filed by Rufu in this Court.

## BACKGROUND

Rufu was arrested at the JFK International Airport on May 31, 1991, and subsequently was convicted, on his plea of guilty, of importing heroin, in violation of 21 U.S.C. § 952(a). He was sentenced to a 33–month term of imprisonment. At the time of his arrest, agents of the Drug Enforcement Administration ("DEA") seized from Rufu two pieces of luggage containing miscellaneous items including clothing, jewelry and cash.

On January 1, 1993, Rufu filed a motion in the district court requesting the return of the property seized from him. In particular, Rufu stated that the seized property consisted of "two Suitcases containing ... personal belongs [sic] (clothes, Jewelries, Black leather coat, Documents and others)." By letter dated June 22, 1993, the Government advised the district court that Rufu's property had been returned to him as follows: First, on June 5, 1991, a money order for $262.50 was sent to Rufu. Second, in October of 1991, two pieces of luggage—a "Black 'GERHARD' Model Garment Bag" and a "Brown imitation leather mini duffel bag"—were sent to Rufu's designated recipient, "Moses Akinfeleye," at 116–20 131st St., Queens, NY. The items of luggage were listed on a form entitled "Disposition of Non–Drug Evidence," prepared by the DEA in October of 1991. Return receipts indicated that the luggage was received by the addressee. Copies of the form and receipts were included with the letter to the district court. Third, a watch, a yellow cross and an empty wallet were returned directly to Rufu in July of 1992. Finally, Rufu's Nigerian passport and resident alien card were sent to the INS.

* Honorable Jane A. Restani of the United States Court of International Trade, sitting by designation.

The district court concluded that Rufu's property already had been returned and dismissed the action the same day it received the Government's submissions. This appeal followed.

## DISCUSSION

 The district court where a defendant is tried has ancillary jurisdiction to decide the defendant's post-trial motion for return of seized property. *Soviero v. United States*, 967 F.2d 791, 792 (2d Cir.1992). If made after the termination of criminal proceedings against the defendant, as is the case here, such a motion should be treated as a civil complaint for equitable relief. *See Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir.1992) (motion pursuant to Fed. R.Crim.P. 41(e) should be treated as civil complaint); *Mora v. United States*, 955 F.2d 156, 160 (2d Cir.1992). That the Government has destroyed or otherwise disposed of the property sought by the movant does not render the motion moot, since the court has authority to award damages in lieu of the equitable relief sought. *See Soviero*, 967 F.2d at 792–93; *Mora*, 955 F.2d at 159–61. At the very least, the district court was required to take evidence and make factual findings to identify any items still in the possession of the Government and any items that might have been lost. The district court did not follow the proper procedure in this case, because it dismissed Rufu's motion based on the letter and accompanying documents submitted by the Government. The Government did not file an answer, nor did it file a motion to dismiss. Rufu was not even given an opportunity to respond to the Government's submission, since the district court denied Rufu's motion the day it received the submission. Even if we could ignore the procedural defects in this case, we would be constrained to reverse because there was insufficient evidence for the district court to conclude that all of Rufu's property had been returned.

The Government contends that the luggage containing Rufu's property was shipped to his designated representative. According to Rufu, his property consisted of a "Black sport bag with wheels, and grey bag (like tennis bag)," rather than the luggage described in the Government's records. Rufu further contends that the Government sent the property to the wrong address in that his designated recipient was named Akinfa*lewo*, not Akin*feleye* and that Akinfalewo lives on 130th St., not 131st St. Although it appears from the record that Akinfalewo received the luggage sent to him, inasmuch as the return receipt for the property bears a signature that appears to be his, there is no evidence that the luggage sent to Akinfalewo was that seized from Rufu. Moreover, there is no evidence whatsoever that the luggage sent to Akinfalewo contained the clothing and jewelry that Rufu claims were seized from him. In fact, the records submitted by the Government indicate that the garment bag sent to Akinfalewo was *inside* the "mini duffel bag," suggesting that neither piece of luggage contained Rufu's belongings.

The DEA is presumed to keep records of the property it seizes and stores. *Id.* at 158. Pursuant to Department of Justice regulations,

> Each bureau shall ... maintain[ ] inventory records of its seized personal property to ensure that:
>
> (a) The date the property was seized is recorded;
>
> (b) All of the property associated with a case is recorded together under the case name and number;
>
> (c) The location of storage of the property is recorded;
>
> (d) A well documented chain of custody is kept; and
>
> (e) All information in the inventory records is accurate and current.

41 C.F.R. § 128–50.101. With these records at hand, it should be a simple matter for the Government to establish on remand what property was seized from Rufu and how that property was disposed of. Indeed, the Government contends that "DEA records indicate that the property returned to Rufu's representative was the same property that had been seized from Rufu at the time of his arrest." Such records were not submitted to the district court, however. Rufu was arrested in May of 1991, but the earliest document submitted to the district court was dated October 3, 1991 and only describes the property sent to Akinfalewo. There is no evidence in the record of what was seized from Rufu. In any event, there is no evi-

dence that Rufu's clothing and jewelry were returned to him. *See Mora*, 955 F.2d at 158 (dismissal inappropriate where Government did not account for all of petitioner's property in its affidavits, log entries or other evidence). Since there are genuine issues of fact concerning the disposition of Rufu's property, it may be appropriate for the district court to appoint counsel to represent Rufu. *See Bautista v. United States*, 813 F.Supp. 187, 188 (E.D.N.Y.1993). We leave that decision to the discretion of the district court.

█ Rufu's motion in this Court for the return of his property is not a proper subject for a motion in an appellate court. Moreover, it appears that the issue it presents will be resolved by the disposition in the district court. Accordingly, Rufu's motion in this Court is denied.

## CONCLUSION

The order of the district court is reversed and the case is remanded for further proceedings in accordance with the foregoing. Rufu's motion in this Court for "return of property" is denied.