**Alexander PANEK Defendant–Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 04–5223.**

United States Court of Appeals, Second Circuit.

Dec. 30, 2005.

Alexander Panek, White Deer, PA., for Appellant, pro se.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Elizabeth J. Riker, Assistant United States Attorney, Syracuse, NY., for Appellee.

Present: JOSEPH M. MCLAUGHLIN, ROSEMARY S. POOLER, and BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of December, two thousand and five.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED in part and VACATED and REMANDED in part.

Alexander Panek appeals an order of the district court that denied (1) his motion made pursuant to former Federal Rule of Criminal Procedure 41(e) (now Rule 41(g)) for the return of seized property, and (2) his motion to dismiss, or vacate, the court's June 22, 2000, order. We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues and hold as follows.

The district court correctly held that a motion pursuant to Federal Rule of Criminal procedure 41(e) made after termination of criminal proceedings against a defendant should be treated as a civil action. *See Rufu v. United States,* 20 F.3d 63, 65 (2d Cir.1994) (per curiam). However, the court then accepted unsworn factual assertions in the government's responding papers to dispose of Panek's claims. We therefore vacate the order insofar as it denied Panek's Rule 41(e) motion and remand to allow the civil action to go forward. *See id.* On remand, the government may, if it wishes move for summary judgment within the civil action and give Panek the required notice. *See Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 620–21 (2d Cir.1999)

We affirm the district court order insofar as it denied Panek's motion to dismiss or vacate its June 22, 2000, order pursuant to Federal Rules of Criminal Procedure 32.2(b) and 35. On appeal, Panek limits his argument to a claim that the court violated Federal Rule of Criminal Procedure 35(a) and (c) by amending the sentence more than seven days after his sentencing. Because the order entered on

June 22, 2000, did not amend Panek's sentence but rather responded to Panek's argument concerning credits against the forfeiture portion of his sentence, the court did not violate Federal Rule of Criminal Procedure 35. Panek has abandoned any other arguments concerning the June 22 order.

We therefore affirm the district court order in part, vacate it in part, and remand for further proceedings consistent with this order.