11-660-cr(L)
United States v. Zaleski

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2011

(Argued:  June 1, 2012      Decided: July 13, 2012)

Docket Nos. 11-660-cr(L), 11-1888-cr(CON)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

        Appellee,

v.

ALAN ZALESKI,

        Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: NEWMAN, LOHIER, and DRONEY, Circuit Judges.

     Alan Zaleski appeals from an order of the United States District Court for the District of Connecticut (Burns, J.) denying his motion under Federal Rule of Criminal Procedure 41(g) for the return of firearms that were seized by the Government upon his arrest but that he lawfully owned before he was convicted of a felony.  Specifically, Zaleski requested that the weapons be transferred to a third party to be sold for Zaleski's financial benefit.  We AFFIRM in part and VACATE in part the order of the District Court, and we REMAND for proceedings consistent with this opinion.

                                      WILLIAM T. KOCH, JR., Lyme, CT, for Defendant-Appellant.

STEPHEN B. REYNOLDS, PAUL A. MURPHY, Assistant United States Attorneys (Sandra S. Glover, Assistant United States Attorney, of counsel, on the brief), for David B. Fein, United States Attorney, District of Connecticut, for Appellee.

LOHIER, Circuit Judge:

Alan Zaleski, a convicted felon, appeals from an order of the United States District Court for the District of Connecticut (Burns, J.) denying his motion under Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)") for an order requiring the Government to transfer to a third party seized firearms and ammunition that Zaleski lawfully owned before his felony conviction. Under Zaleski's proposed order, the third party would sell the firearms and ammunition for Zaleski's financial benefit. This appeal principally requires us to decide whether a district court may ever properly order such a transfer after the defendant becomes a convicted felon unable to possess a firearm under 18 U.S.C. § 922(g) – an issue of first impression in this Circuit. Contrary to the District Court's ruling, we conclude that Section 922(g) does not categorically prohibit such an arrangement. On appeal, Zaleski has waived his other challenge to the District Court's order. Accordingly, the order of the District Court is AFFIRMED in part and VACATED in part, and we REMAND for proceedings consistent with this opinion.[1]

## BACKGROUND

The facts relevant to this appeal are not in dispute. After discovering a large cache of firearms, ammunition, and explosives at Zaleski's home in Berlin, Connecticut, police arrested Zaleski and seized the weapons. Zaleski was indicted and ultimately convicted of fifteen counts

---

[1] In a separate summary order filed simultaneously with this opinion, we affirm the District Court's judgment with respect to Zaleski's challenges to his conviction and sentence.

2

of possessing machine guns, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); one count of possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); and twelve counts of possessing firearms, silencers, and destructive devices that were not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. The District Court sentenced Zaleski, who had not previously been convicted of a felony, principally to 101 months' imprisonment and ordered that he forfeit to the Government fifteen fully automatic machine guns and machine pistols, a shotgun, four homemade silencers, six hand grenades, and improvised explosive devices, all of which he unlawfully possessed.

The forfeited weapons represented a small fraction of the items that the police seized from Zaleski's home. The remaining seized weapons were lawfully possessed when Zaleski was arrested and were not subject to the forfeiture order. Nonetheless, they remained in the Government's custody pending resolution of the Government's motion for an order pursuant to the All Writs Act, 28 U.S.C. § 1651(a), authorizing it to "retain and ultimately destroy" them. Zaleski estimates that these non-forfeited weapons are worth over $100,000; they include guns, 65,000 rounds of ammunition, ammunition magazines, body armor, grenades, a grenade launcher, gun and grenade parts, explosive chemicals, and materials for making fuses and pipe bombs. As it does on appeal, the Government argued to the District Court that the non-forfeited items could not properly be returned to Zaleski because, as a convicted felon, he was prohibited under 18 U.S.C. § 922(g) from possessing firearms, ammunition, destructive devices, or parts thereof.

Zaleski opposed the Government's motion and moved for an order under Rule 41(g) permitting the transfer of the firearms and ammunition to Ron Rando, a federally licensed gun dealer in Connecticut, so that Zaleski could receive the net financial value of these items. In an affidavit, Rando stated that, for a fee of twenty percent of the gross revenue, he was prepared to inventory, transport, and sell the items, and comply with any procedures the District Court ordered with respect to the sale proceeds. In the alternative, Zaleski moved for an order for a third party appraisal of the firearms and ammunition for use in a subsequent civil suit against the Government for damages under the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491, and the Takings Clause of the United States Constitution.

The District Court denied both parties' motions. It determined that (1) the Government did not need an order authorizing it to destroy the seized items, (2) the proposed arrangement involving Rando would violate 18 U.S.C. § 922(g)(1) ("Section 922(g)(1)"), and (3) an order providing for an appraisal would be useless because the doctrine of sovereign immunity would bar any claim for damages relating to the weapons.

This appeal followed.

**DISCUSSION**

Rule 41(g) provides as follows:

> (g) Motion to Return Property. A person aggrieved . . . by the deprivation of property may move for the property's return. . . . The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g); see also United States v. David, 131 F.3d 55, 59 (2d Cir. 1997) ("It is well settled that upon the termination of criminal proceedings, seized property, other than

4

contraband, should be returned to the rightful owner." (quotation marks omitted)). Because an order providing for the return of property under Rule 41(g) is an equitable remedy, it "is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." De Almeida v. United States, 459 F.3d 377, 382 (2d Cir. 2006). We review a district court's grant or denial of equitable relief for abuse of discretion, but we review de novo any legal conclusion underlying such a decision. Willis Mgmt. (Vt.), Ltd. v. United States, 652 F.3d 236, 240 (2d Cir. 2011).

On appeal, Zaleski challenges the District Court's determination that Section 922(g)(1), which makes it a crime for a convicted felon to "possess in or affecting commerce, any firearm or ammunition," categorically prohibits the transfer of Zaleski's unforfeited weapons to Rando for Zaleski's financial benefit. In denying Zaleski's Rule 41(g) motion, the District Court concluded that transferring the weapons to Rando to be sold for Zaleski's benefit would result in their "constructive possession" by a convicted felon. In doing so, the court relied upon decisions from the Eighth and Eleventh Circuits, which have held that placing a convicted felon's firearms "in the possession of a [third party] in trust" necessarily constitutes constructive possession by the felon. United States v. Howell, 425 F.3d 971, 977 (11th Cir. 2005); see United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000). By contrast, the Seventh Circuit and, to a more limited extent, the Fifth Circuit have suggested that a convicted felon may devise an arrangement in which he recovers the value of the seized firearms without contravening Section 922(g)(1). United States v. Miller, 588 F.3d 418, 419-20 (7th Cir. 2009); see also Cooper v. City of Greenwood, 904 F.2d 302, 305-06 (5th Cir. 1990) (holding that a convicted felon may sue a municipal government to recover the value of seized firearms that he owned).

On balance, we are persuaded by the Seventh Circuit's reasoning in Miller. Although Section 922(g)(1) prohibits constructive possession, as well as actual physical possession, of firearms and ammunition, United States v. Payton, 159 F.3d 49, 56 (2d Cir. 1998),[2] under limited circumstances a convicted felon may arrange to benefit from the sale of otherwise lawful, unforfeited firearms by a third party without actually or constructively possessing them.

"Constructive possession exists when a person has the power and intention to exercise dominion and control over an object . . . ." Payton, 159 F.3d at 56. Zaleski proposed to retain only the right to obtain the value of the weapons, while the custodian of the weapons, Rando, served as a trustee. See Miller, 588 F.3d at 420. A trustee may exercise "exclusive control" over the disposition of the trust. Cf. SEC v. Credit Bancorp, Ltd., 290 F.3d 80, 87 (2d Cir. 2002); see also Restatement (Third) of Trusts § 5 cmt. e (2012) ("[A] trustee is not subject to the control of . . . the beneficiaries except to the extent the terms of the trust reserve or confer some such power over the trustee – power that is not readily inferred . . . ."). Sole possession and exclusive control of the firearms by a third party may extinguish the felon's possessory interest. Whether a particular proposed arrangement would constitute prohibited constructive possession will be an issue of fact to be determined by the District Court.

The possibility that Zaleski will receive a financial benefit from Rando's sale of the firearms and ammunition to compensate him for his non-possessory property interest in them does not, standing alone, mean that he constructively possesses them. The proposed arrangement that the District Court rejected may be approved without running afoul of Section

---

[2] We note that according to the plain text of the statute, only one who "has been convicted" of a felony, not merely one who has committed a felony, is liable for possessing firearms or ammunition. See 18 U.S.C. § 922(g)(1) (emphasis added).

922(g)(1) if the evidence shows that transferring the weapons to Rando would in fact strip Zaleski of any power to exercise dominion and control over them, Rando is a suitable custodian and not subject to Zaleski's control, and the arrangement is otherwise equitable.[3] To prevent Zaleski from constructively possessing the weapons and to ensure that they are properly sold and not otherwise misused, the District Court may implement appropriate safeguards, such as imposing a deadline for their sale, establishing procedures to account for sales and disbursements, and instructing the transferee that returning the items to Zaleski or honoring his instructions concerning them would constitute criminally aiding and abetting a convicted felon in the possession or attempted possession of firearms and ammunition. See Miller, 588 F.3d at 420. The District Court may also find other arrangements suitable.

Finally, Zaleski raises a perfunctory, conclusory argument that the District Court erred in denying his motion in the alternative for an order requiring an appraisal of the seized weapons. We deem the argument waived and affirm the District Court's order insofar as it refused to require an appraisal. See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 107 (2d Cir. 2012).

---

[3] The Government argues that transferring the weapons to Rando would provide Zaleski with a windfall. It is not necessarily a windfall to allow a felon to retain the value of property that he lawfully possessed before he was convicted and that is not subject to forfeiture. Nor does it appear that this arrangement would impose a substantial burden upon the Government, considering that the transferee, not the Government, is to liquidate the weapons. At oral argument, the Government did not dispute Zaleski's assertion that the items at issue could easily be separated from contraband items that are not the subject of this appeal.

## CONCLUSION

For the foregoing reasons, we VACATE in part and AFFIRM in part the order of the District Court, and we REMAND for further proceedings consistent with this opinion.