15-4036-cr
*United States v. Alvarez-Estevez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand sixteen.

PRESENT:  José A. Cabranes,
      Peter W. Hall,
      Raymond J. Lohier, Jr.,
         *Circuit Judges.*

---

United States of America,

      *Appellee,*        15-4036-cr

     v.

Jorge Alvarez-Estevez,

      *Defendant-Appellant,*

Vismar Baez, also known as Nano, Carlos Cruz-Martinez, Felipe Ferreras-Dominguez,

      *Defendants.*

---

**FOR APPELLEE:**      Russell Capone, Michael Ferrara, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**  Michael Keith Bachrach, New York, NY.

1

Appeal from an order of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Jorge Alvarez-Estevez, who pleaded guilty to conspiring to distribute and possess with intent to distribute a detectable amount of heroin, appeals from a November 30, 2015 order of the District Court denying his motion under Federal Rule of Criminal Procedure 41(g) for an order requiring the Government to return a black Nissan Infiniti (the "Infiniti"). The District Court denied the motion on the grounds that the Drug Enforcement Administration's Report of Investigation (the "ROI"), submitted by the defendant, indicated that the Infiniti was turned over to the New Jersey State Police for forfeiture and was no longer in the hands of the Government or a federal agency. Alvarez-Estevez argues on appeal that (1) the District Court erred by failing to require the Government to establish proof that it was unable to procure the return of the Infiniti, and that (2) the "arm of the prosecution" doctrine requires the Government to seek the return of the Infiniti from the New Jersey State Police. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A.

The District Court did not err by denying the defendant's Rule 41(g) motion. Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. . . . The court must receive evidence on any factual issue necessary to decide the motion." An order requiring the return of property under Rule 41(g) "is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006). "We review a district court's grant or denial of equitable relief for abuse of discretion, but we review *de novo* any legal conclusion underlying such a decision."[1] *United States v. Zaleski*, 686 F.3d 90, 92 (2d Cir. 2012). Here, Rule 41(g) is not an available remedy because New Jersey State forfeiture proceedings provide an adequate remedy at law for Alvarez-Estevez to recover the Infiniti. Moreover, the District Court correctly concluded that it could only order the return of property possessed by the Government. *See Diaz v. United States*, 517 F.3d 608, 611 (2d Cir. 2008) ("A district

---

[1] "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a non-pejorative "term of art").

court can order the return of property that is in the hands of the government." (internal quotation marks omitted)).

The defendant's argument that the District Court abused its discretion by failing to require the Government to provide evidentiary proof of accounting for the Infiniti is unpersuasive. The ROI relied upon by the District Court in its order, which Alvarez-Estevez submitted, details the seizure of the Infiniti and its transfer to the New Jersey State Police. The defendant does not specify what further accounting he seeks, nor does he provide any reason why the District Court's reliance on the ROI was misplaced. Accordingly, the District Court did not err or abuse its discretion by failing to require the Government to provide a further accounting.

B.

The defendant's next argument, that the "arm of the prosecution" doctrine requires the Government to actively seek to retrieve the Infiniti from the New Jersey State Police, is unavailing. Since Alvarez-Estevez failed to present this argument below, we review for plain error. *United States v. Taylor*, 816 F.3d 12, 18 (2d Cir. 2016). "We typically do not find plain error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Bastian*, 770 F.3d 212, 220 (2d Cir. 2014) (internal quotation marks omitted).

The arm of the prosecution doctrine arises specifically in the scope of the Government's obligation to disclose exculpatory information to a criminal defendant. "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case," *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), and "the propriety of imputing knowledge to the prosecution is determined by examining the specific circumstances of the person alleged to be an 'arm of the prosecutor,'" *United States v. Stewart*, 433 F.3d 273, 298 (2d Cir. 2006).

Neither the Supreme Court nor this Court has extended the arm of the prosecution doctrine to the Rule 41(g) context, nor has Alvarez-Estevez presented any such authority. Accordingly, the District Court's failure to do so is not "plain error." *Bastian*, 770 F.3d at 220.

**CONCLUSION**

We have reviewed all of the remaining arguments raised by Alvarez-Estevez on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 30, 2015 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3