[Cite as *State v. Cultrona*, 2023-Ohio-3707.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2023 AP 01 0006 |
| IAN A. CULTRONA | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from the Municipal Court,
                               Case No. CRB1700001D


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        October 11, 2023


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellee

LACEE FELIX                           IAN CULTRONA
CITY PROSECUTOR                       PRO SE
714 North Wooster Avenue              P. O. Box 300
Dover, Ohio  44622                    Orient, Ohio  43146

*Wise, J.*

{¶1}   Appellant Ian A. Cultrona appeals the trial court's January 3, 2023, decision denying his *pro se* motion to transfer firearms to a third party and granting the State's motion to dispose of the property.

{¶2}   The Appellee State of Ohio has not filed a brief in this case.

{¶3}   Preliminarily, we note this case is before this Court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶4}   One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶5}   This appeal shall be considered in accordance with the aforementioned rules.

### STATEMENT OF THE FACTS AND CASE

{¶6}    For purposes of this appeal, the relevant facts and procedural history are as follows:

{¶7}   Appellant Ian A. Cultrona was originally charged in this case with domestic violence, carrying a concealed weapon, possession of a firearm while intoxicated and

aggravated menacing. Firearms were seized pursuant to a criminal protection order entered in this case.

{¶8} On May 2, 2017, Appellant was convicted of aggravated menacing, in violation of R.C. 2903.21, and the remaining three charges were dismissed by the prosecutor under a Criminal Rule 11(f) negotiated plea. Pursuant to the plea agreement, two other weapons were forfeited by Appellant, and the weapons which are the subject hereof were ordered to be held pending further order of the court.

{¶9} After a brief period on probation, followed by two warrants for probation violations, the Appellant's probation was terminated unsuccessfully and he was sentenced to serve 90 days in the county jail, with credit from March 28, 2018. Although probation was terminated unsuccessfully, the issue of the two remaining Ruger handguns was not addressed by the trial court at that time. The Court finds that this was due to inadvertence by the parties, counsel and the court.

{¶10} On May 23, 2019 the Defendant began serving an aggregate sentence of 3 years, including a three-year gun specification term, for aggravated robbery and felonious assault, imposed by the Tuscarawas County Court of Common Pleas.

{¶11} At a prior hearing the State conceded that the trial court cannot order a forfeiture of the subject firearms because forfeiture proceedings were never initiated by the State in accordance with Ohio law.

{¶12} On April 7, 2022, the State filed a Motion to Dispose of Property in Custody of the Dover Police Department.

{¶13} On September 7, 2022, Defendant filed a *pro se* motion to transfer firearms to a third party.

{¶14} The current motions involve the disposition of weapons currently in the possession of the Dover Police Department which, as stated above, were seized pursuant to a criminal protection order entered in this case. The firearms in question are a Ruger SR .22 handgun with one magazine, serial no. 361-69158 and a Ruger SR 9mm handgun with one magazine, serial no. 330-76161.

{¶15} On December 14, 2022, the trial court held a hearing on the motions. At the hearing, the State of Ohio was represented by a Dover Assistant Prosecutor and Appellant appeared by video, without counsel, from the Ohio Correctional Reception Center in Orient, Ohio.

{¶16} By Judgment Entry file January 3, 2023, the trial court granted the State's motion and denied Appellant's motion, finding that Appellant failed to demonstrate that transfer of the firearm to his son would meet the requirements of federal firearms law. Appellant's son did not appear for the hearing, therefore no acknowledgements of the legal requirements, or assurance to keep the guns from Appellant were provided. The son was not subject to questioning by the State. No evidence was presented regarding the son's legal status regarding firearms possession. The trial court further found that "the close paternal nexus between father and son make it likely that the Appellant would attempt to exert control over the possession or use of the weapons."

{¶17} Appellant now appeals, assigning the following error for review:

**ASSIGNMENT OF ERROR**

{¶18} "I. THE COURTS FAILURE TO PROPERLY SEEK CERTAIN ASSURANCES FROM THE PROPOSED TRANSFEREE, INCLUDING THAT THE PROPOSED TRANSFEREE IS NOT PROHIBITED FROM OWNING OR POSSESSING

A FIREARM THEMSELVES [SIC], THAT THE PROPOSED TRANSFEREE PROMISE [SIC] TO KEEP THE FIREARMS AWAY FROM THE FELON, AND THAT WOULD AID AND ABET A §922(G) VIOLATION PRIOR TO DENYING APPELLANTS MOTION TO TRANSFER FIREARMS CONSTITUTED AN ABUSE OF DISCRETION AND/OR CLEAR DISREGARD OF APPLICABLE LAW."

I.

{¶19}  In his sole Assignment of Error, Appellant argues that the trial court erred in denying his motion to transfer. We disagree.

{¶20} As relevant here, 18 U.S.C. §922(g) makes it unlawful for any person convicted of a felony to "possess in or affecting commerce [ ] any firearm or ammunition."

{¶21} In *Henderson v. United States*, 575 U.S. 622, 626, 135 S.Ct. 1780, 1784, 191 L.Ed.2d 874, the United States Supreme Court stated that "provision [18 U.S.C. §922(g)] prevents a court from instructing an agency to return guns in its custody to a felon-owner like [Appellant], because that would place him in violation of the law. The question here is how § 922(g) affects a court's authority to instead direct the transfer of such firearms to a third party.

{¶22} The *Henderson* court went on to explain:

That means, as all parties agree, that § 922(g) prevents a court from ordering the sale or other transfer of a felon's guns to someone willing to give the felon access to them or to accede to the felon's instructions about their future use. See Brief for United States 23; Reply Brief 12. In such a case, the felon would have control over the guns, even while another person kept physical custody. The idea of constructive possession is designed to

preclude just that result, "allow[ing] the law to reach beyond puppets to puppeteers." *United States v. Al–Rekabi,* 454 F.3d 1113, 1118 (C.A.10 2006). A felon cannot evade the strictures of § 922(g) by arranging a sham transfer that leaves him in effective control of his guns. And because that is so, a court may no more approve such a transfer than order the return of the firearms to the felon himself.

**{¶23}** The Court then went on to provide the following guidance to trial courts considering a motion to transfer:

> Accordingly, a court facing a motion like Henderson's may approve the transfer of guns consistently with § 922(g) if, but only if, that disposition prevents the felon from later exercising control over those weapons, so that he could either use them or tell someone else how to do so. One way to ensure that result, as the Government notes, is to order that the guns be turned over to a firearms dealer, himself independent of the felon's control, for subsequent sale on the open market. See, *e.g., United States v. Zaleski,* 686 F.3d 90, 92–94 (C.A.2 2012). Indeed, we can see no reason, absent exceptional circumstances, to disapprove a felon's motion for such a sale, *whether or not he has picked the vendor. That option, however, is not the only one available under § 922(g). A court may also grant a felon's request to transfer his guns to a person who expects to maintain custody of them, so long as the recipient will not allow the felon to exert any influence over their use. In considering such a motion, the court may properly seek certain assurances: for example, it may ask the proposed transferee to promise to

keep the guns away from the felon, and to acknowledge that allowing him to use them would aid and abet a § 922(g) violation. See *id.,* at 94; *United States v. Miller,* 588 F.3d 418, 420 (C.A.7 2009). Even such a pledge, of course, might fail to provide an adequate safeguard, and a court should then disapprove the transfer. See, *e.g., State v. Fadness,* 363 Mont. 322, 341–342, 268 P.3d 17, 30 (2012) (upholding a trial court's finding that the assurances given by a felon's parents were not credible). But when a court is satisfied that a felon will not retain control over his guns, § 922(g) does not apply, and the court has equitable power to accommodate the felon's request.

**{¶24}** In the case *sub judice*, Appellant cannot possess firearms because he is incarcerated and, when released, will be under a firearms disability. However, this disability does not divest him of the right to seek transfer of the guns to a suitable third party. As such, Appellant asked the court to transfer the firearm to his son, Ryan Cultrona, who is 22 years old.

**{¶25}** At the hearing on the motion, no evidence, assurance, or promises were provided to the trial court by the proposed transferee, Appellant's 22-year-old son, that he would keep the firearm away from Appellant. Rather, the trial court found that, due to the father-son relationship, it was "likely that the Defendant would attempt to exert control over the possession or use of the weapons."

**{¶26}** Based on the foregoing, we find that Appellant's motion, seeking to transfer ownership of the firearm property to his son, fails the test set forth in *Henderson* and the

trial court's decision denying the motion was appropriate. See *United States v. Hagar*, N.D.Ohio No. 1:16 CR 00273, 2023 WL 2895155.

**{¶27}** Appellant's sole assignment of error is overruled.

**{¶28}** The judgment of the Municipal Court, Tuscarawas County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

King, J., concur.

JWW/kw 1003