22-2900
*Bongiorno v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-three.

PRESENT:

>JOHN M. WALKER, JR.,
>REENA RAGGI,
>RICHARD J. SULLIVAN,
>*Circuit Judges.*

_____

RUDY BONGIORNO,

>*Petitioner-Appellant*,

>v.                                                                         No. 22-2900

UNITED STATES,

>*Respondent-Appellee.*[*]

_____

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Petitioner-Appellant:** | Donna H. Clancy, The Clancy Law Firm, P.C., New York, NY. |
| | |
| **For Respondent-Appellee:** | Louis A. Pellegrino, Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from orders of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 11, 2022 and November 29, 2022 orders of the district court are **AFFIRMED**.

Petitioner Rudy Bongiorno appeals from orders denying (1) his petition for relief pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Criminal Procedure 41(g), and (2) his motion to reconsider that decision. We review a district court's grant or denial of equitable relief under Rule 41(g) for abuse of discretion, analyzing any legal conclusion underlying that decision *de novo*. *United States v. Zaleski*, 686 F.3d 90, 92 (2d Cir. 2012). We review the denial of a Rule 60(b) motion, as well as the denial of a motion for reconsideration, for abuse of discretion. *Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020); *Olson v. Major*

*League Baseball*, 29 F.4th 59, 72 (2d Cir. 2022).   We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Bongiorno is the husband of Annette Bongiorno, a longtime employee of Bernard L. Madoff Investment Securities, who was convicted of multiple offenses in connection with her participation in Madoff's scheme to defraud investors.   As relevant here, Bongiorno petitions for the return of funds and other property held in an E*Trade account (the "E*Trade Account") that was forfeited to the government pursuant to a Final Order of Forfeiture entered, with Bongiorno's consent, in Annette's criminal case.   Bongiorno advances several arguments as to why he is entitled to the return of the forfeited funds held in this account, none of which has merit.

*First*, Bongiorno argues that he is entitled to the return of the forfeited funds pursuant to Rule 41(g), which allows "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return."   Fed. R. Crim. P. 41(g).   Notably, Rule 41(g) provides an "equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction."   *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006); *see also id.* (explaining that jurisdiction under

3

Rule 41 must be "exercised with great restraint and caution" (internal quotation marks omitted)). But while we have not foreclosed the possibility that a third party may use Rule 41(g) to challenge the government's seizure of property *before* an indictment is filed, *see id.* at 381–82, "the criminal forfeiture statute limits a third party's right to challenge a *post-indictment* forfeiture order to the two grounds identified in 21 U.S.C. § 853(n)(6)," *United States v. Watts*, 786 F.3d 152, 156 (2d Cir. 2015) (emphasis added).

Here, Bongiorno has failed to cite any authority for the proposition that a third party may invoke Rule 41(g) to collaterally attack a final order of forfeiture, and we are aware of none. Indeed, the law is clear that the *only* way a third party may challenge a post-indictment forfeiture order is through an ancillary proceeding under section 853(n), which Bongiorno declined to pursue. *See United States v. Daugerdas*, 892 F.3d 545, 553 (2d Cir. 2018) ("It is well settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets." (internal quotation marks and alterations omitted)); *De Almeida*, 459 F.3d at 381 ("An ancillary proceeding [under 21 U.S.C. § 853(n)] is . . . the *only* avenue for a post-indictment third-party claim to forfeited property.").

Bongiorno's contention that "Rule 41(g) should still be available to him as an equitable remedy" because he has shown that he had "no other remedy at law," Bongiorno Reply at 24, is equally unfounded. Bongiorno himself recognizes that he had an opportunity to assert his interest in the forfeited property in connection with his wife's case and that he did, in fact, initially request a hearing regarding the extent of the contemplated forfeiture. *See id.* at 18–20. Rather than commence an ancillary proceeding pursuant to section 853(n), Bongiorno – with the assistance of counsel – instead chose to negotiate with the government. As a result of those negotiations, Bongiorno entered into a settlement that was memorialized as a Preliminary Order of Forfeiture that Bongiorno signed on June 20, 2016. Having decided to forgo a hearing pursuant to section 853(n), Bongiorno cannot now claim that he is entitled to equitable relief.

*Second*, Bongiorno argues that the Final Order of Forfeiture in his wife's criminal case should be vacated as against him pursuant to Federal Rule of Civil Procedure 60(b)(6).[1] For relief to be warranted under Rule 60(b)(6), the movant must make his motion "within a reasonable time" and must demonstrate

---

[1] For the first time on appeal, Bongiorno invokes Rule 60(b)(4) as a basis for relief. Because Bongiorno did not raise his Rule 60(b)(4) argument before the district court, this argument is forfeited. *See New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 662 (2d Cir. 2015).

"extraordinary circumstances" justifying relief. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks omitted). It is plain that neither requirement is met here.

First, Bongiorno filed his motion nearly six years after the Final Order of Forfeiture was entered, which we have held is, in most circumstances, not a reasonable time. *See Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (finding that motion made "three and one-half years from the date judgment was entered" was not reasonable under Rule 60(b)(6)); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 76–77 (2d Cir. 1995) (finding that motion filed eighteen months after entry of judgment was not filed in a "reasonable time" under Rule 60(b)(6)). No different conclusion is warranted here. As the district court noted, the circumstances of which Bongiorno now complains – including that the government purportedly failed to conduct a proper tracing analysis with respect to the funds in the E*Trade Account and that it overreached by negotiating with Bongiorno when he was under duress – were clearly known to him at the time he signed the Preliminary Order of Forfeiture.

Nor has Bongiorno identified extraordinary circumstances that would justify relief. He certainly has not demonstrated a due process violation, since –

6

as noted above – Bongiorno was notified of the government's intention to seek forfeiture of the E\*Trade Account, announced that he planned to challenge the forfeiture of that account and certain property in Cape Coral, Florida, retained counsel to represent him in negotiations with the government concerning those properties, and entered into a settlement in which he retained approximately five million dollars in stock and ownership of the Cape Coral property in exchange for a waiver of his right to contest the Preliminary Order of Forfeiture. His contention that he was poorly served by his counsel is belied by the record and falls short of the exceptional circumstances required for relief under Rule 60(b)(6). *See Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) ("To be 'extraordinary circumstances' for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance, or constructive disappearance." (citations omitted)).

*Third*, Bongiorno argues that he is entitled to a hearing to resolve material issues of fact as to whether the funds in the E\*Trade Account were traceable to his wife's crimes. As an initial matter, the Rule 41(g) cases cited by Bongiorno are irrelevant because, as explained above, Rule 41(g) does not apply here. Nor is a

hearing required under Rule 60(b), which reserves such procedures for situations involving "material issues of fact which could not have been properly resolved without an evidentiary hearing."[2]  *Flaks v. Koegel*, 504 F.2d 702, 712 (2d Cir. 1974). Indeed, neither the "new" documents submitted by Bongiorno nor the challenges he makes to the method used to determine that the funds in the E*Trade Account were tainted alter the conclusion that Bongiorno waived his right to challenge traceability when he entered into the settlement agreement.  *See, e.g.*, *Saada*, 2021 WL 4824129, at *4.

*Finally*, Bongiorno raises a litany of arguments as to why the forfeiture of the E*Trade Account was invalid, none of which is relevant to this appeal. Bongiorno's arguments that the government did not have probable cause to seize the E*Trade Account and failed to show a substantial connection between the E*Trade Account and Annette Bongiorno's crimes are barred by the settlement agreement that Bongiorno himself negotiated and signed.  And, as the government notes, the E*Trade Account was forfeited not because it was seized

---

[2] In his reply brief, Bongiorno asserts – without authority – that we must review his request for a hearing *de novo*.  That is incorrect.  *See Gomez v. City of New York*, 805 F.3d 419, 423–25 (2d Cir. 2015) (reviewing the district court's refusal to grant a hearing for abuse of discretion); *Saada v. Golan*, No. 21-876, 2021 WL 4824129, at *3 (2d Cir. Oct. 18, 2021) (same).  But even under *de novo* review, Bongiorno's request for a hearing would fail.

pursuant to a warrant but rather because it was identified in the Preliminary Order of Forfeiture that was entered with Bongiorno's consent. What is more, Bongiorno's argument that he is entitled to the "innocent owner defense" under 18 U.S.C. § 983(d) is not only barred by the settlement agreement, but is also irrelevant since section 983(d) is inapplicable to criminal forfeiture. *See United States v. Contorinis*, 692 F.3d 136, 146 (2d Cir. 2012) (explaining that because criminal forfeiture "focuses on the disgorgement by a defendant of h[er] ill-gotten gains," it "cannot be imposed upon innocent owners" (internal quotation marks omitted)).

Bongiorno's argument that the Final Order of Forfeiture is unconstitutionally excessive also fails. At the outset, we note that Bongiorno waived this argument by consenting to entry of the forfeiture order. *See SEC v. Romeril*, 15 F.4th 166, 172, 174–75 (2d Cir. 2021). In any event, while the Eighth Amendment's Excessive Fines Clause "limits the government's power to extract payments," including forfeiture payments, "as punishment for some offense," Bongiorno was not prosecuted criminally and therefore any payments he made in

accordance with the forfeiture order cannot be understood as punishment.[3]

*United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (internal quotation marks omitted) (explaining that forfeiture is a "sanction" imposed after a conviction and "cannot be imposed upon an innocent owner"); *see Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) (explaining that the Eighth Amendment does not apply until after "a formal adjudication of guilt"). Put simply, the Eighth Amendment has no applicability to a settlement agreement that Bongiorno negotiated and voluntarily entered into for his own benefit. The cases that Bongiorno cites on this point are therefore inapposite.

\*     \*     \*

We have considered Bongiorno's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Bongiorno's argument that the forfeiture order improperly subjected him to joint and several liability is likewise misguided as the Final Order of Forfeiture does not purport to impose joint and several liability on either Bongiorno or his wife.