23-6946-cr
*United States v. Reddick*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand twenty-five.

PRESENT:     RICHARD C. WESLEY,
             SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

        v.                                              23-6946

STANLEY REDDICK,

    *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:     ANDREW W. HENDERSON, Freshfields US LLP, Washington, D.C. (Scott A. Eisman, Freshfields US LLP, New York, NY, *on the brief*).

FOR APPELLEE:                          SEAN P. MAHARD (Conor M. Reardon, Assistant United States Attorney, Of Counsel, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from an August 3, 2023, order of the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order is **AFFIRMED**.

Appellant Stanley Reddick appeals from the District Court's order denying his motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g) (the "Rule 41(g) Motion").  Reddick, proceeding *pro se* before the District Court, brought the Rule 41(g) Motion seeking the return of approximately $8,000 that Reddick asserts was seized by law enforcement officers at the time of his arrest and never returned to him.  The District Court denied the motion without prejudice.  Reddick appealed.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## BACKGROUND

On May 3, 2017, federal agents executed a search warrant at Reddick's home, as well as a warrant for his arrest.  During the search and arrest, agents seized property including a cell phone, personal documents, and an "undetermined amount [of] US Currency."  Receipt for Property and Other Items at 4, *United States v. Reddick*,

3:17CR00135(SVN) (D. Conn. Oct. 24, 2025).[1]  Reddick was convicted at trial and sentenced in July 2019 principally to a term of 120 months of imprisonment.  *See* J. App'x at 107-09.  Reddick did not appeal the judgment.

On July 24, 2023, Reddick, proceeding *pro se*, filed the Rule 41(g) Motion, requesting that the District Court "issue a judicial order for the expedited return of approximately $8,000 dollars in U.S. Currency seized incident to arrest pertaining to the aforementioned case."  J. App'x at 126.  The government filed a memorandum in opposition to the Rule 41(g) Motion, asserting:

> Review of law enforcement's contemporaneous reports related to Mr. Reddick's arrest and recent consultation with the case agent lend no support to Mr. Reddick's claim that the sum of approximately $8,000 was seized in connection with his arrest.  Moreover, a check of the Department of Justice's Consolidated Asset Tracking System did not reveal any record related to the seizure of approximately $8,000 from Mr. Reddick in connection with his arrest.  It also bears mention that Mr. Reddick never previously requested the return of this $8,000, notwithstanding that he pressed—as early as the date of sentencing in this case, more than four years ago on July 15, 2019—for the return of a cell phone and certain documents seized at the time of his arrest.

J. App'x at 129.  The government attached a Bureau of Alcohol, Tobacco, Firearms and Explosives "Release and Receipt of Property" form indicating that exactly $1,000 in U.S. currency had been released to Reddick, in care of Schuylkill FCI, on July 5, 2022.  *See* J. App'x at 132.

---

[1] At the time of oral argument, the District Court docket did not reflect any return for this search warrant.  After questions were raised about that, the government filed a return attaching this inventory on October 24, 2025.  *See United States v. Reddick*, 3:17CR00135(SVN), Doc. #154.

The District Court denied the Rule 41(g) Motion in a docket entry "without prejudice to the re-filing of a motion that shows a factual predicate for the claim that $8,000 was seized and that explains why no claim for these monies was raised at an earlier time." J. App'x at 17. Reddick did not file a renewed motion or provide any additional information regarding his claim.[2] Instead, he filed a notice of appeal.[3]

## DISCUSSION

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in relevant part:

> A person aggrieved by . . . the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion.

Fed. R. Crim. P. 41(g). A "defendant's post-trial motion for return of seized property," if "made after the termination of criminal proceedings against the defendant, . . . should be treated as a civil complaint for equitable relief." *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994).[4] "We review a district court's grant or denial of equitable relief [under Rule

---

[2] Although the Rule 41(g) Motion was denied without prejudice, "an appellant can render such a non-final order 'final' and appealable by disclaiming any intent to amend." *Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006) (collecting cases). On appeal, Reddick has expressly disclaimed any intent to amend. *See* Reddick Br. at 3 ("Mr. Reddick does not intend to amend his motion.").

[3] Reddick also filed a renewed motion under Federal Rule of Criminal Procedure 41(g) before this Court. That motion is DENIED as not properly filed in the first instance in the Court of Appeals. *See* Fed. R. Crim. P. 41(g) ("The motion must be filed in the district where the property was seized.").

[4] Reddick and the government agree that a Rule 41(g) motion "is an independent civil action for equitable relief." Gov't Br, at 11; *see also* Reddick Br. at 5 (noting that a district court should treat a Rule 41(g) motion "as a civil complaint").

4

41(g)] for abuse of discretion, but we review *de novo* any legal conclusion underlying such a decision." *United States v. Zaleski*, 686 F.3d 90, 92 (2d Cir. 2012).

Treating Reddick's motion "as a civil complaint for equitable relief," *Rufu*, 20 F.3d at 65, we conclude on *de novo* review that it does not plausibly allege that the government seized and retained money from Reddick that it did not then return. The standard for plausibility is well established. "A claim has facial plausibility when the [movant] pleads factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). Reddick's motion "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation modified). It makes the purely conclusory assertion that "approximately $8,000 dollars in U.S. currency" was seized incident to Reddick's arrest. J. App'x at 126. That "[t]hreadbare recital[] of the elements of a" claim for the return of seized property, "supported by mere conclusory statements," is insufficient. *Iqbal*, 556 U.S. at 678. The Rule 41(g) Motion provides no factual allegations that would allow the District Court to draw a reasonable inference that the government seized and retained "approximately $8,000." Accordingly, the motion – as filed by Reddick – was subject to summary denial *without prejudice*. The District Court appropriately offered Reddick an opportunity to refile the motion with additional factual allegations, which might have changed the outcome; Reddick declined that opportunity.

We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's denial of the Rule

41(g) Motion.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court